**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JEFFREY SCOTT BRADDOCK,
an individual,

                              Case No.:  3:26-cv-00925-JEP-PDB

        Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
a Georgia limited liability company,
EXPERIAN INFORMATION SOLUTIONS, INC.,
a foreign for-profit corporation,
TRANS UNION, LLC,
a foreign limited liability company, and
WELLS FARGO BANK, N.A.,
a national banking association,

        Defendants.
_____/

### Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

### 1.  Date and Attendees

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The following parties conducted the planning conference on June 22, 2026:

Max Story counsel for Plaintiff

Paige Vacante counsel for Equifax

Maria Helena Ruiz counsel for Experian

1

326705151v.1

Defendant Wells Fargo and Plaintiff have stipulated to arbitrate the alleged claims (ECF No. 28), and Wells Fargo takes no position with regard to the proposed CMR.

Defendant Trans Union has not yet been served and was not a party to the planning conference. ***(ECF No. 12, shows a return of service as to Trans Union executed on 04/29/2026, however, this is not correct as service was made on the wrong registered agent.)

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | | Date |
|---|---|---|
| Deadline for providing mandatory initial disclosures. See Fed. R. Civ. P. 26(a)(1). | | Tuesday, July 10, 2026 |
| Deadline for moving to join a party, see Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, see Fed. R. Civ. P. 15(a). | | Monday, August 10, 2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | Friday, November 13, 2026 |
| | Defendant | Friday, December 11, 2026 |
| | Rebuttal | Friday, January 15, 2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | Friday, March 5, 2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | Thursday, April 1, 2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Terrence M. White, Upchurch, Watson, White & Max 1400 Hand Avenue, Suite D, Ormond Beach, FL 32174 | | Friday, March 19, 2027 |

| | |
|---|---|
| Tel: (386) 253-1560 │ Fax: (386) 255-7722<br><br>The parties agree to mediate remotely. | |
| Date of the final pretrial meeting. See Local Rule 3.06(a). | Wednesday, August 25, 2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | Wednesday, September 1, 2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | Monday, September 8, 2027 |
| Month and year of the trial term. | September 2027 |

The trial will last approximately 3 to 4 days and be

☒   jury.
☐   non-jury.

## 3. Description of the Action

**Experian Information Solutions, Inc.**:  This is an action for damages brought by an individual consumer against Experian, a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq.  Experian denies that it violated the FCRA, denies that it is liable to Plaintiff, and denies that Plaintiff suffered damage as a result of any alleged wrongful actions or inactions of Experian.  Experian maintained reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiff for the preparation of consumer reports. Experian properly reinvestigated Plaintiff's disputes, updated information as appropriate, and timely reported the results of those reinvestigations to Plaintiff. Experian's conduct has not been negligent or willful, nor has Experian acted with malice or a reckless or conscious disregard for the rights of Plaintiff.  Plaintiff's claimed damages were not caused by Experian but by Plaintiff or by third parties. Discovery has not yet begun, and Experian bases this statement on the facts and information currently available to it and reserves the right to supplement this summary if necessary as this case and the facts develop.  Experian readopts and realleges its affirmative defenses from the Answer and Affirmative Defenses filed in response to Plaintiff's

3

326705151v.1

Complaint as if fully set forth herein. At this time, Experian does not anticipate asserting claims against Plaintiff, but reserves the right to do so as the facts develop.

**Equifax Information Services LLC:**  Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e and/or 1681i, or any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are developed.**4.  Disclosure Statement**

☒　　　Each party has filed a disclosure statement using the required form.

## 5.  Related Action

☒　　　The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

## 6.  Consent to a Magistrate Judge

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐　　　The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒　　　**The parties do not consent.**

4

326705151v.1

### 7. Preliminary Pretrial Conference

☒   The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐   The parties do request a preliminary pretrial conference, and the parties want to discuss

### 8. Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒   The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

### 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A.   The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐   Yes.

☒   No; instead, the parties agree to these changes: The parties agree to exchange initial disclosures no later than Tuesday, July 7, 2026.

B.   Discovery may be needed on these subjects: (a) Whether each CRA Defendant maintained reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b); (b) whether each CRA Defendant conducted a reasonable reinvestigation of Plaintiff's disputes under 15 U.S.C. § 1681i, including whether each CRA reviewed all relevant information submitted by Plaintiff and updated or deleted information it could not verify; (c) the processing of Plaintiff's disputes through e-OSCAR, including all Automated Consumer Dispute Verification (ACDV) records; (d) Metro 2 reporting codes submitted by Defendant Wells Fargo Bank, N.A. to each CRA for Plaintiff's account(s) and any changes over time; (e) whether Wells Fargo Bank, N.A. conducted a reasonable investigation after receiving notice of Plaintiff's dispute from a consumer reporting agency under 15

326705151v.1

U.S.C. § 1681s-2(b); (f) Plaintiff's actual damages, including any credit denials, adverse terms, and emotional distress; and (g) each Defendant's policies and procedures relating to Metro 2 compliance, post-bankruptcy reporting, and consumer dispute handling.

**Experian:**

1. Whether Plaintiff has stated any claims upon which relief may be granted;

2. Whether any consumer report prepared by Experian contained any inaccuracy;

3. Whether Plaintiff disputed the accuracy of an item of information on Plaintiff's credit file;

4. Whether any reinvestigation conducted by Experian violated the FCRA;

5. Whether Plaintiff has established a claim against Experian for negligent noncompliance with the FCRA;

6. Whether Plaintiff has established a claim against Experian for willful noncompliance with the FCRA;

7. Whether Plaintiff suffered any damage as a result of any actions or inactions of Experian;

8. Whether any causal links exist between Experian's alleged actions or inactions and Plaintiff's alleged damages;

9. Whether Plaintiff is entitled to actual damages pursuant to the FCRA;

10. Whether Plaintiff is entitled to statutory damages pursuant to the FCRA;

11. Whether Plaintiff is entitled to punitive damages pursuant to the FCRA; and

12. Whether any party is entitled to costs or attorneys' fees.

**<u>Equifax</u>:**

6

326705151v.1

Equifax anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Equifax credit file contained an inaccuracy; (2) whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; (3) whether Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Equifax credit file; (5) whether any reinvestigation conducted by Equifax violated the FCRA; (6) whether Plaintiff has met the burden of proving a claim against Equifax for negligent noncompliance with the FCRA; (7) whether Plaintiff has met the burden of proving a claim against Equifax for willful noncompliance with the FCRA; (8) whether Plaintiff has suffered any damages proximately caused by any action or Inaction of Equifax; (9) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs and/or fees) from Equifax pursuant to the FCRA; (10) whether any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate Plaintiff's damages; (12) whether some or all of Plaintiff's claims are barred by applicable statute of limitations; and (13) whether Plaintiff's claims for punitive damages under the FCRA violate the U.S. Constitution.

C.    Discovery should be conducted in phases:

7

326705151v.1

☒ No.

☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.

☒ Yes; The parties anticipate ESI will be relevant. The parties agree to preserve discoverable ESI in native format where feasible and to produce in a reasonably usable format, including PDF, proportional to the needs of the case, without prejudice to either party's right to confer regarding production format as discovery progresses.

E. ☒ The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence: The parties have considered privilege and work-product issues. The parties will comply with Rule 26(b)(5)(A) and will confer regarding the entry of a Rule 502(d) order if needed.

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐ No.

☒ Yes; The parties consent to service by electronic mail to the e-mail addresses listed for the parties' counsel on the Court's CM/ECF system pursuant to Fed. R. Civ. P. 5(b)(2)(E).

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically,

☐ <u>Enter party's name</u> unilaterally requests special handling. Specifically,

8

## 11. Certification of familiarity with the Local Rules

☒      The parties certify that they have read and are familiar with the Court's Local Rules.

## 13.    Signatures

/s/ Max Story
Max Story
Florida Bar No.: 527238
Story Law Group
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
(904) 372-4109
max@storylawgroup.com
Counsel for Plaintiff Jeffrey Scott
Braddock

/s/ Paige Vacante
Paige Vacante
Florida Bar No.: 1019135
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606-6448
(312) 460-5000
pvacante@seyfarth.com
Counsel for Defendant Equifax
Information Services, LLC

/s/ Maria Helena Ruiz
Maria Helena Ruiz
Florida Bar No.: 182923
Kasowitz LLP
201 S Biscayne Boulevard, Suite 2550
Miami, FL 33131
(786) 587-1044
mruiz@kasowitz.com
Counsel for Defendant Experian
Information Solutions, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026, I electronically filed the foregoing Case Management Report with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

STORY LAW GROUP
/s/ Max Story
Max Story

9

326705151v.1